NICOLÁS A. GARCÍA TORRÉNS, Plaintiff and Appellee, *v.*
JOSEFA STELLA OMS, Defendant and Appellant:

No. 9817.   Argued April 6, 1949.—Decided May 13, 1949.

*Harry B. Llenza* for appellant.   *R. Rivera Zayas, G. Rivera Cestero* and *Milton F. Rúa* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the
Court.

The appellant purchased a house which had been erected
on another's land.   Subsequently the lot was sold to the appellee.   On January 8, 1947 the appellee filed the complaint
herein claiming the house by right of accession and deposited
in the lower court, at the disposal of the defendant, the amount
of $1,000 which he alleged was the cost of the materials used
in the building, plus labor, minus depreciation.   He also
stated that the defendant was not paying any rental whatsoever for the lot.   The defendant answered, that she possessed the lot by virtue of a month-to-month lease which had
been entered into between the former owner of the house and
the former owner of the lot for a monthly rental of $4 which
she had paid punctually, first to the former owner and later

to the plaintiff. At the trial the latter accepted the existence of the lease and that when he filed the complaint she owed no rental. However, he urged that since it was a month-to-month lease he was entitled to terminate it at the end of each month, which he did; and that the contract being thus terminated he was entitled to demand the house by right of accession.

The lower court granted the complaint upon payment of $1,500 to the defendant and ordered the latter to leave the house at the disposal of the plaintiff within forty days counted from the notice of the judgment.

In rendering this decision the lower court followed the doctrine which this Court has repeatedly established to the effect that the right of accession arises when the builder in good faith constructs on another's land without a lease of the lot or in case there is one, when for any reason the lease has terminated. *Rivera* v. *Santiago*, 56 P.R.R. 361 and *Palermo* v. *District Court*, 58 P.R.R. 191.

The defendant concentrates her attack on the doctrine applied by the court, but this doctrine is deeply rooted in this jurisdiction, and as appellant does not set up any new argument which has not been previously considered by this Court it seems idle to pass upon it again.

The plaintiff was entitled to acquire the house by right of accession; but trying to evade the holding of this Court in *Figueroa* v. *Rodríguez*, 68 P.R.R. 248, to the effect that the action of accession lies but that plaintiff is not entitled, within that action, to the possession of the house, he alleges that said case was erroneously decided. He rests his contention on that the title derived from accession amounts to ownership in fee simple and that the latter includes the right of possession. Under ordinary circumstances we would uphold plaintiff's contention; but due to the emergency of housing shortage which has given rise to legislation on the matter, we cannot agree with plaintiff in that merely be-

cause he obtains title of ownership he can evict the defendant from a house which was constructed under a lease of the lot, without first complying with the requirements of the Federal Rent Act. By the same token we said in *Figueroa* v. *Rodríguez, supra,* that the complaint therein served a dual purpose: first, to obtain title of ownership of the house; second, to obtain possession thereof; that the right of ownership could be obtained by accession but that the former owner could not evict in view of the aforesaid Act and Regulations on the matter. The doctrine is not erroneous. It may be argued that in the present case the person from whom title is obtained by accession is the same person who occupied the house; but the fact is that she had a lease contract of the lot and that under the Federal Act, while she continues to pay the rental thereof, the plaintiff can not, by indirect means, that is, by an action to enforce right of accession, evict her from the property if she has fulfilled the contract by punctually paying the lease rental.

In the case at bar the lower court figured the cost of the material used in the house and labor in the amount of $1,500 and as to this point there is no controversy. Accordingly, the judgment appealed from shall be modified by merely granting to the plaintiff title of the house by right of accession and by eliminating the pronouncement as to the eviction of the defendant, leaving the parties to litigate the question pursuant to the Federal Act and Regulations promulgated thereunder.

The judgment is modified in the sense indicated above and as modified, affirmed.